UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
YORKSHIRE TOWERS COMPANY LP and
YORKSHIRE TOWERS TENANTS ASSOCIATION,    :

                Plaintiffs,    :

    -against-    :    10 CIV 8973 (TPG)

THE FEDERAL TRANSIT ADMINISTRATION,    :
THE METROPOLITAN TRANSPORTATION
AUTHORITY and THE METROPOLITAN    :
TRANSPORTATION AUTHORITY CAPITAL
CONSTRUCTION COMPANY,    :

                Defendants.    :
------------------------------------------------------------------------x

## MEMORANDUM OF LAW OF DEFENDANTS MTA AND MTACC IN SUPPORT OF THEIR MOTION TO DISMISS

            GORDON J. JOHNSON
            Deputy General Counsel
            Metropolitan Transportation Authority
            MTA Office of General Counsel
            347 Madison Ave. – 9th Fl.
            New York, NY  10017
            (212) 878-4633
            Email:  gojohnso@mtahq.org
            *Attorney for Metropolitan Transportation Authority and Metropolitan Transportation Authority Capital Construction Company*

JOHN ABILI
Assistant General Counsel
Metropolitan Transportation Authority Capital
    Construction Company
*Of Counsel.*

DATED:  February 23, 2011

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ..............................................................................................................1

STATEMENT OF FACTS .................................................................................................1

ARGUMENT ......................................................................................................................2

POINT I
MTA AND MTACC ARE NOT SUBJECT TO
FOIA BECAUSE THEY ARE NOT "AGENCIES"
AS DEFINED IN FOIA......................................................................................................2

POINT II
THE STATE FOIL CLAIM SHOULD BE DISMISSED .................................................6

    A. There Is No Ancillary Jurisdiction
       Under the Facts Alleged Here.................................................................................6

    B. This Court Lacks Jurisdiction Over the
       FOIL Claim As a Matter of New York Law
       Because Yorkshire Failed to Exhaust Its
       Administrative Remedies.......................................................................................8

CONCLUSION..................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Amusement Indus. v. Stern*, 2010 U.S. Dist. LEXIS 6833 (S.D.N.Y. 2010) ............................... 7

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ..................................................................................... 1

*Berg v. Obama*, 574 F. Supp. 2d 509 (E.D. Pa. 2008) .................................................................. 3

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004) ............................... 7

*Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122 (2d Cir. 2008) .......................................... 5

*Burgess v. Omar*, 345 F. Supp.2d 369 (S.D.N.Y. 2004) ............................................................... 7

*Central Partnership, Inc. v. Cuomo*, 166 F.3d 473 (2d Cir. 1999) ................................................ 4

*Dickman v. Trietley*, 268 A.D.2d 914 (3d Dept. 2000) ................................................................ 9

*Forsham v. Harris*, 445 U.S. 169 (1980) ...................................................................................... 4

*Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009) .............................................................................. 1, 9

*Irwin Memorial, Etc. v. Red Cross*, 640 F.2d 1051 (9th Cir. 1981) .............................................. 6

*Jamison v. Tesler*, 300 A.D.2d 194 (1st Dept. 2002) .................................................................... 8

*Kirschner v. Klemons*, 225 F.3d 227 (2d Cir. 2000) ..................................................................... 7

*Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697 (2d Cir. 2000) ............................... 7

*Mamarella v. County of Westchester*, 898 F. Supp. 236 (S.D.N.Y. 1995) ................................... 3

*Martinson v. Violent Drug Traffickers Project*,
    1996 U.S. Dist. LEXIS 10738 (D.D.C. 1996) ........................................................................ 3

*Murphy v. New York State Education Dept., Office of Professional Discipline*,
    148 A.D.2d 160 (1st Dept. 1989) ............................................................................................ 8

*Pennyfeather v. Tessler*, 431 F.3d 54 (2d Cir. 2005) ................................................................... 3

*Rayyan v. Sharpe*, 2008 U.S. Dist. LEXIS 81762 (W.D. Mich. 2008) ......................................... 3

*Reubens v. Murray*, 194 A.D.2d 492 (1st Dept. 1993) ................................................................. 9

*Sanders v. Bratton*, 258 A.D.2d 422 (1st Dept. 1999) .............................................................. 8, 9

*Simpson v. Town of Southampton*, 2007 U.S. Dist. LEXIS 43649 (E.D.N.Y. 2007) .................... 9

*St. Michael's Convalescent v. State of California*, 643 F.2d 1369 (9th Cir. 1981) ........................ 5

*Stoianoff v. Comm'r of Motor Vehicles*, 107 F. Supp. 2d 439 (S.D.N.Y. 2000),
    *affirmed*, 12 Fed. Appx. 33 (2d Cir. 2001) ................................................................................. 3

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) ...................................................................... 7

**Statutes**

5 U.S.C. § 551(1) ..............................................................................................................................2-3

5 U.S.C. § 552................................................................................................................................ 1, 2, 3

28 U.S.C. § 1367(a) ......................................................................................................................... 6

49 U.S.C. § 5327 .............................................................................................................................. 5

NY Public Auth. L. § 1260 .............................................................................................................. 1

NY Public Auth. L. § 1266(5) ......................................................................................................... 1

NY Public Officers L. § 87 .............................................................................................................. 1

NY Public Officers L. § 89(3)(a) ..................................................................................................... 9

NY Public Officers L. § 89(4)(b) ..................................................................................................... 8

**Rules**

Fed. R. Civ. Proc. 12. ....................................................................................................................... 1

**Regulations**

23 C.F.R. § 771.130 ......................................................................................................................... 5

**Other Authorities**

FTA Circular C-5010.1D, dated Nov. 1, 2008 and available at
    http://www.fta.dot.gov/documents/C_5010_1D_ Finalpub.pdf ................................................. 5

## INTRODUCTION

Defendants Metropolitan Transportation Authority (MTA) and Metropolitan Transportation Authority Capital Construction Company (MTACC) submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6) to dismiss the complaint as against them on the grounds that the MTA and its subsidiary, MTACC, each are not an "agency," as defined at 5 U.S.C. § 552(f)(1), and consequently are not subject to the mandates of the federal Freedom of Information Law (FOIA), 5 U.S.C. § 552. Given the absence of a colorable federal claim against MTA and MTACC, this Court lacks the jurisdiction to hear plaintiffs' claim under the New York's Freedom of Information Law (FOIL) (NY Public Officers L. § 87 *et seq.*), or in the alternative, should dismiss that claim because the plaintiffs have failed to exhaust their administrative remedies.

## STATEMENT OF FACTS

The MTA is a state-created public authority. NY Public Auth. L. § 1260 *et seq.*; Complaint at ¶ 22.[1] MTACC is a wholly-owned public benefit corporation subsidiary of the MTA. Complaint at ¶ 23; *see* NY Public Auth. L. § 1266(5). The MTA is a grantee of federal funds that are expended in support of the construction of the Second Avenue Subway project. Complaint at ¶ 24. MTACC is responsible for construction of the Second Avenue Subway project. *Id.*

By identical letters sent to the Federal Transit Administration (FTA), MTA and MTACC, each dated September 30, 2010, and delivered October 1, 2010, plaintiffs Yorkshire Towers

---

[1] For purposes of this motion only, defendants do not challenge herein the allegations made in the complaint. However, although "'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009), *citing Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Company, L.P. and Yorkshire Towers Tenants Association (together "Yorkshire") sought 54 categories of documents relating to certain proposed entrances to be located at 86th Street in New York City and alternatives to them as part of the MTA's Second Avenue Subway project, and to the supplemental environmental assessment (SEA) prepared in connection with those entrances.  Complaint at ¶¶ 1, 38-42; exhibit 1 to Complaint.  Both MTA and MTACC treated the request as one under the state law, FOIL, and within ten days of receipt of the request, acknowledged receipt of the request and advised Yorkshire that given its length and breadth, they could not estimate when documents would be ready for production but that they would give Yorkshire further information on the progress of their searches in approximately 60 days.[2]  Complaint at ¶¶ 44-45.  Yorkshire filed suit in this Court on November 30, 2010, declining to await the MTA and MTACC update nor pleading that it had appealed administratively what it asserts is a denial of its request under FOIL.

## ARGUMENT

### POINT I

### MTA AND MTACC ARE NOT SUBJECT TO FOIA BECAUSE THEY ARE NOT "AGENCIES" AS DEFINED IN FOIA

The federal Freedom of Information Act, FOIA, requires that "each agency, upon any request for records . . . shall make the records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).  The term "agency," however, is limited to federal agencies or certain entities created under federal law.  The definition of "agency" at 5 U.S.C. § 551(1) applies to FOIA,

---

[2] On December 11, 2010 – approximately 60 days after the MTA letter was sent and when MTA and MTACC first provided documents for Yorkshire's inspection – Yorkshire and MTA and MTACC had the first of several meetings regarding the document request.  MTA and MTACC since have provided Yorkshire hundreds of pages of records on paper, and thousands of pages on 11 computer disks, as well as making available thousands of additional pages on paper for Yorkshire's inspection.

where "agency" is defined as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency . . .."  For purposes of § 552, the term is augmented to include certain other federal entities and federally-controlled or created corporations or agencies:

> "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency

5 U.S.C. § 552(f)(1).

Quite simply, state-created entities, such as the MTA and MTACC, do not fall within the definition of agencies that must comply with FOIA.  *Stoianoff v. Comm'r of Motor Vehicles*, 107 F. Supp. 2d 439, 444 (S.D.N.Y. 2000), *affirmed*, 12 Fed. Appx. 33 (2d Cir. 2001) ("Plain language of FOIA precludes its application" to NYS Motor Vehicles Commissioner); *Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005) (no right of action under FOIA "because [FOIA] appl[ies] only to agencies of the federal government, rather than to state or municipal agencies"); *Mamarella v. County of Westchester*, 898 F. Supp. 236, 237 (S.D.N.Y. 1995) ("the plain language of the FOIA precludes its application to state or local agencies"); *Berg v. Obama*, 574 F. Supp. 2d 509, 527 n. 18 (E.D. Pa. 2008) ("State agencies and officials are not subject to FOIA"); *Rayyan v. Sharpe*, 2008 U.S. Dist. LEXIS 81762 (W.D. Mich. 2008) ("The definition of the agencies subject to the federal FOIA simply does not include state-government agencies."); *Martinson v. Violent Drug Traffickers Project*, 1996 U.S. Dist. LEXIS 10738 (D.D.C. July 11, 1996) (although complaint alleged that state officers operated "under federal authority during the investigation in question," no subject matter jurisdiction over the plaintiff's FOIA claim or pendent jurisdiction over request under Pennsylvania's Right-to-Know Act); *see Central*

*Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) ("[I]t is beyond question that FOIA applies only to federal and not to state agencies.").[3]

The Supreme Court has made clear that FOIA does not apply to non-federal entities. In *Forsham v. Harris*, 445 U.S. 169, 179 (1980), the Court held that "Congress excluded private grantees from FOIA disclosure obligations by excluding them from the definition of 'agency,' an action consistent with its prevalent practice of preserving grantee autonomy." As the Court explained,

> Federal participation in the generation of the data by means of a grant from the Department of Health, Education, and Welfare (HEW) does not make the private organization a federal "agency" within the terms of the Act. Nor does this federal funding in combination with a federal right of access render the data "agency records" of HEW, which is a federal "agency" under the terms of the Act. . . .
>
> Grants of federal funds generally do not create a partnership or joint venture with the recipient, nor do they serve to convert the acts of the recipient from private acts to governmental acts *absent extensive, detailed, and virtually day-to-day supervision*." [emphasis supplied]

*Id.* at 171, 180.

---

[3] In *Central Partnership, Inc.*, the Second Circuit, while addressing the scope of Exemption 5 to FOIA, noted that it was not addressing a situation where "documents [were] generated by state or local officials who are participants with federal officials in joint federal criminal or civil investigations, or task forces or other federal-state or local partnerships." *Id.*, 166 F.3d at 484. However, this statement does not even suggest much less require federal jurisdiction under FOIA over the state authorities receiving FTA grants. In *Central Partnership, Inc.*, the Circuit was construing the reach of Exemption 5 of FOIA, which allows federal agencies, such as the agency in that matter, Department of Housing and Urban Development (HUD), to withhold documents on the basis of the deliberative privilege. In that case, the court addressed a letter from a New York City councilmember in the files of HUD, concluding that the deliberative privilege did not apply because the City Council was not a federal agency and neither the Council nor its member was engaged in a joint investigation with HUD. *Id.* at 483-84. It is clear that the court was reserving a possibility that the privilege might apply and a document in a federal agency's files could be withheld if there was a joint investigation where the rational behind the deliberative privilege became relevant, *i.e.*, that a partner in the decision-making was expressing a predecisional opinion about future steps to be taken. Here, the issue is not documents in the files of the FTA and the applicability of the privilege in that situation, but rather whether the MTA and MTACC are subject to the federal statute.

Indeed, here Yorkshire does not plead anything near the "extensive, detailed, and virtually day-to-day supervision" that might convert the MTA and MTACC into federal agencies, nor could they.  Rather, as the complaint itself states, Complaint at ¶ 24, the MTA and MTACC are grantees of federal funds needed to construct the Second Avenue Subway project. While the FTA certainly has comprehensive grant requirements, *see*, *e.g.*, 49 U.S.C. § 5327 (requirement for grantee's preparation and implementation by the grantee of a "project management plan") and regulations at 49 C.F.R Parts 611, 614, 630, and 633,[4] and, as happened here, reviewed a proposed alteration in the location of subway entrances under NEPA using a document prepared for the FTA by the MTA, *see* 23 C.F.R. § 771.130, no one could say that the MTA is subject to day-to-day oversight in its operations by the federal government.  It is MTACC that is designing and building the subway, Complaint at ¶ 24, not the FTA, and it is the MTA that hires the contractors and supervises their work; moreover, it is the MTA and its subsidiaries and affiliates that make the day-to-day decisions that keep the subways, buses, and many of the City's bridges and tunnels operating.  *See*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 125 (2d Cir. 2008) (company that collects debts for federal agencies, maintains security clearances, and makes records available to federal government is not "agency"); *St. Michael's Convalescent v. State of California*, 643 F.2d 1369, 1374 (9th Cir. 1981) ("Federal funding reaches a countless number of activities of local and state governments. To assure that the federal funds are spent for the purposes for which they were intended, extensive federal regulations are promulgated and must be complied with.  However, those regulations do not

---

[4] The FTA has issued guidance in accordance with its regulations governing oversight.  For instance, FTA Circular C-5010.1D, dated Nov. 1, 2008 and available at http://www.fta.dot.gov/documents/C_5010_1D_Finalpub.pdf, describes grant management requirements, and includes a chapter on FTA oversight.  While "FTA determines compliance through self-certification, oversight review, audits, and site visits," Circular at V-1, it does not direct the day-to-day operations of a grantee implementation of the grant, much less a grantee's overall operations. *See* Circular at Ch. V.

convert acts of local and state governmental bodies into federal governmental acts."); *Irwin Memorial, Etc. v. Red Cross*, 640 F.2d 1051, 1054-57 (9th Cir. 1981) (despite use of federal buildings, federal financial and auditing requirements and the power of the President to make appointments to the governing board, and while "the Red Cross is undoubtedly a close ally of the United States government, . . . its operations are not subject to substantial federal control or supervision."). Consequently, Yorkshire has failed to state a federal claim against the MTA, and this Court is without jurisdiction to hear their claim under FOIA.

## POINT II

### THE STATE FOIL CLAIM SHOULD BE DISMISSED

Because there is not even a colorable claim against the MTA and MTACC, the state law claim pleaded against the MTA and MTACC should be dismissed notwithstanding the retention of a federal claim against the FTA. While arguably there can be supplemental jurisdiction over a state law claim against a defendant even if there is no federal claim against that defendant, here there is none because the two claims – the FOIA claim against the FTA and the FOIL claim against the MTA and MTACC – share no common nucleus of operable fact. In any event, under New York law the FOIL claim must be dismissed because Yorkshire failed to exhaust its administrative remedies.

**A. There Is No Ancillary Jurisdiction Under the Facts Alleged Here.**

Under 28 U.S.C. § 1367(a),

> federal courts have supplemental jurisdiction to hear state law claims that are so related to federal question claims brought in the same action as to "form part of the same case or controversy under Article III of the United States Constitution." A state law claim forms part of the same controversy if it and the federal claim "derive from a common nucleus of operative fact." *Cicio v. Does*, 321 F.3d 83, 97 (2d Cir. 2003) (quoting *City of Chicago v. Int'l*

> *Coll. of Surgeons*, 522 U.S. 156, 165, 139 L. Ed. 2d 525, 118 S. Ct.
> 523 (1997)). This is so even if the state law claim is asserted
> against a party different from the one named in the federal claim.
> See 28 U.S.C. § 1367(a) (2000); *Kirschner v. Klemons*, 225 F.3d
> 227, 239 (2d Cir. 2000).

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004). In other words, the question is whether the plaintiff "would ordinarily be expected to try [the claims] in one judicial proceeding." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000), citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

      Here, there is no common nucleus of operable fact. Yorkshire's assertion that the FTA failed to release records was (and is) completely independent of Yorkshire's allegations against MTA and MTACC, and whether the one failed to release records in its possession has nothing whatsoever to do with whether the others failed to release records because the federal agency and the state authorities act independently of each other. A determination that one agency should have released records will have no bearing on whether the other agency should also have released records since their records are maintained independently of the others' and the release of records for each is governed by different freedom of information laws with differing case law and interpretations. "[W]hile facts relevant to one claim might provide background with respect to the other, more is required" to satisfy the "common nucleus of operative fact" standard. *Burgess v. Omar*, 345 F. Supp.2d 369, 372 (S.D.N.Y. 2004); *Amusement Indus. v. Stern*, 2010 U.S. Dist. LEXIS 6833, 17-20 (S.D.N.Y. 2010) (that plaintiff was victim of similar misstatements from two different entities does not mean the claims against these entities derive from the same nucleus of operative fact).

**B.  This Court Lacks Jurisdiction Over the FOIL Claim As a Matter of New York Law Because Yorkshire Failed to Exhaust Its Administrative Remedies.**

Even if this Court exercises supplemental jurisdiction over the FOIL claim, it must dismiss the FOIL claim because Yorkshire failed to appeal the claimed denial of its request within the MTA and MTACC and thereby exhaust its administrative remedies.  FOIL provides that only "a person denied access to a record *in an appeal determinatio*n under the provisions of paragraph (a) of this subdivision may bring a proceeding for review of such denial pursuant to article seventy-eight of the [NY] civil practice law and rules."  Public Off. L. § 89(4)(b) [emphasis supplied].  No provision in FOIL allows a judicial remedy before taking the administrative appeal:

> It has repeatedly been held that "[before] a person seeking information under FOIL may resort to a judicial forum to gain relief, he must have exhausted his administrative remedies (Public Officers Law § 89 [4] [a]).  To the extent that petitioner claims his requests were not fully complied with, he should direct his request for further information to the head of the agency possessing the documents he wishes to inspect.  If the request is then denied, the petitioner will have appropriate recourse in the courts through a CPLR article 78 proceeding (Public Officers Law § 89 [4] [b])."  (*Matter of Kurland v McLaughlin*, 122 AD2d 947, 949 [1986]. . . .)

*Murphy v. New York State Education Dept., Office of Professional Discipline*, 148 A.D.2d 160, 164-165 (1st Dept. 1989) [other citations omitted].  *Accord*, *Jamison v. Tesler*, 300 A.D.2d 194 (1st Dept. 2002) ("If petitioner was dissatisfied with the Police Department's September 1996 response to his November 1995 request . . . , he was required, in order to preserve his right to judicial review, to exhaust his administrative remedies by filing an administrative appeal . . .."); *Sanders v. Bratton*, 258 A.D.2d 422, 423 (1st Dept. 1999) ("Petitioner was required to appeal

- 8 -

respondent's alleged failure to respond to his request for information"); *Dickman v. Trietley*, 268 A.D.2d 914, 915 (3d Dept. 2000); *Reubens v. Murray*, 194 A.D.2d 492 (1st Dept. 1993).[5]

Even though "an entity's failure to respond to a FOIL request in accordance with the provisions of Section 89(3)(a) 'constitute[s] a denial' of that request,":

> Following the denial of a FOIL request, pursuant to Section 89(4), an individual seeking to challenge such a denial must follow a specific "procedural path." . . . First, Section 89(4)(a) "provides that a person denied access to requested information under [FOIL] must appeal the denial in writing to the head of the appropriate [state entity] within 30 days" of the denial. . . . .
>
> . . . . As a threshold matter, the Court finds that, absent plaintiff's compliance with the FOIL procedures . . . , it is without jurisdiction to consider plaintiff's claims that "his [FOIL] requests were not fully complied with," -- namely, that they were improperly denied or went unanswered.

*Simpson v. Town of Southampton*, 2007 U.S. Dist. LEXIS 43649, 24-25 (E.D.N.Y. 2007) (internal citations omitted). *See, also, Sanders v. Bratton*, *supra* (petitioner "required to appeal respondent's alleged failure to respond to his request for information").

Thus, because Yorkshire has failed to plead (nor could it) that it took an administrative appeal from its claimed denial of records, Yorkshire has failed to comply with the statutory prerequisite to suit and the FOIL claim against the MTA and MTACC must be dismissed.

---

[5] While Yorkshire pleads that under Public Off. Law § 89(3)(a), failure to respond appropriately to a request for records constitutes exhaustion of administrative remedies, Complaint at ¶ 36, that section says nothing of the sort. Indeed, the obligation to file an administrative appeal is in § 89(4)(b) that follows the section of the law Yorkshire relies on, and, as discussed above, FOIL has been construed as requiring an administrative appeal before filing a lawsuit. This Court may disregard conclusions of law asserted in a pleading when deciding a motion to dismiss. *Harris v. Mills*, *supra*, 572 F.3d at 71-72.

**CONCLUSION**

For the above stated reasons, MTA's and MTACC's motion to dismiss the complaint against them should be granted.

DATED:	New York, NY
	February 23, 2011

	Respectfully submitted,


	**s/Gordon J. Johnson**
	GORDON J. JOHNSON
	Deputy General Counsel
	Metropolitan Transportation Authority
	MTA Office of General Counsel
	347 Madison Ave. – 9th Fl.
	New York, NY  10017
	(212) 878-4633
	Email:  gojohnso@mtahq.org
	*Attorney for Metropolitan Transportation Authority and Metropolitan Transportation Authority Capital Construction Company*

JOHN ABILI
Assistant General Counsel
Metropolitan Transportation Authority Capital
	Construction Company
*Of Counsel*.

- 10 -