UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

YORKSHIRE TOWERS COMPANY LP and
YORKSHIRE TOWERS TENANTS ASSOCIATION,　　:

               Plaintiffs,　　　　　　　　:

           -against-　　　　　　　　　　:　　　10 CIV 8973 (TPG)

THE FEDERAL TRANSIT ADMINISTRATION,　　　:
THE METROPOLITAN TRANSPORTATION
AUTHORITY and THE METROPOLITAN　　　　　:
TRANSPORTATION AUTHORITY CAPITAL
CONSTRUCTION COMPANY,　　　　　　　　　:

             Defendants.　　　　　　　:
----------------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW OF DEFENDANTS MTA AND MTACC
IN SUPPORT OF THEIR MOTION TO DISMISS FOIA/FOIL ACTION**

GORDON J. JOHNSON
Deputy General Counsel
Metropolitan Transportation Authority
MTA Office of General Counsel
347 Madison Ave. – 9th Floor
New York, NY  10017
(212) 878-4633
Email:  gojohnso@mtahq.org
Attorney for Metropolitan Transportation Authority
and Metropolitan Transportation Authority Capital
Construction Company

DATED: October 11, 2011

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... ii

INTRODUCTION ................................................................................ 1

ARGUMENT ...................................................................................... 2

POINT I

MTA'S PREPARATION OF DRAFT ENVIRONMENTAL REVIEW
DOCUMENTS THAT ARE REVIEWED INDEPENDENTLY BY
THE FTA DOES NOT TRANSFORM THE MTA INTO A
FEDERAL AGENCY SUBJECT TO FOIA ........................................... 2

POINT II

THIS COURT SHOULD NOT AND MAY NOT EXERCISE
SUPPLEMENTAL JURISDICTION OVER THE FOIL CLAIM ........................................... 6

POINT III

PLAINTIFFS' FAILURE TO EXHAUST ADMINISTRATIVE
REMEDIES REQUIRES DISMISSAL OF THEIR FOIL CLAIM ........................................ 8

CONCLUSION ..................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Cullum v. Goord*, 45 A.D.3d 1212 (3d Dept. 2007) .................................................. 10

*Dickman v. Trietley*, 268 A.D.2d 914 (3d Dept. 2000) ............................................. 9

*Encore College Bookstores v. Auxiliary Serv. Corp.*, 87 N.Y.2d 410 (1995) ............... 7

*Florida Power & Light Co. v. Lorion*, 470 U.S. 729 (1985) ..................................... 8

*Forsham v. Harris*, 445 U.S. 169 (1980) ........................................................ 1-5, 7

*Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473 (2d Cir. 1999) ................... 5

*Jamison v. Tesler*, 300 A.D.2d 194 (1st Dept. 2002) .............................................. 9

*Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697 (2d Cir. 2000) ............... 7

*Matter of John P. v Whalen*, 54 N.Y.2d 89 (1981) ................................................ 8

*Murphy v. New York State Education Dept., Office of Professional Discipline*,
  148 A.D.2d 160 (1st Dept. 1989) .................................................................... 9

*NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214 (1978) ..................................... 8

*Orange County Pub. V. Kiryas Joel Union Free School Dist.*,
  282 A.D.2d 604 (2d Dept. 2001) .................................................................... 10

*Reubens v. Murray*, 194 A.D.2d 492 (1st Dept. 1993) ........................................... 9

*Rivette v. District Attorney of Rensselaer*, 272 A.D.2d 648 (3d Dept. 2000) ............. 10

*Sanders v. Bratton*, 258 A.D.2d 422 (1st Dept. 1999) ........................................... 9

*Simpson v. Town of Southampton*, 2007 U.S. Dist. LEXIS 43649 (E.D.N.Y. 2007) ......... 8

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) ............................................. 7

*United States Dept. of Defense v. Federal Labor Relations Auth.*, 510 U.S. 487 (1994) ....... 8

*United States v. Orleans*, 425 U.S. 807 (1976) .................................................... 4

**Statutes**

5 U.S.C. §§ 551(1), 552(f)(1) ........................................................................ 2

Freedom of Information Act (FOIA), 5 U.S.C. § 552 ........................................ passim

42 U.S.C. § 4332(2)(D), ............................................................................... 3

New York Freedom of Information Law (FOIL), NY Public Officers Law § 87 *et seq.* ...... passim

**Rules**

Fed. R. Civ. Proc. 12(b)(1), 12(b)(6) ............................................................... 1

40 C.F.R. § 1500.3 ..................................................................................... 4

40 C.F.R. §§ 1506.2, 1506.6(f) ...................................................................... 3

21 NYCRR § 1001.7 .................................................................................... 9

## INTRODUCTION

Defendants Metropolitan Transportation Authority (MTA) and Metropolitan

Transportation Authority Capital Construction Company (MTACC) (together "MTA

defendants") submit this reply memorandum of law in support of their motion pursuant to Fed.

R. Civ. Proc. 12(b)(1) and 12(b)(6) to dismiss the complaint.

In their moving memorandum of law in support of the instant motion, dated September 1,

2011, ("MTA Sept. memo"), the MTA defendants demonstrated that because each is not a

federal "agency" and there is no "extensive, detailed, and virtually day-to-day supervision" of

their activities by defendant Federal Transit Administration (FTA) –  the test established by the

United States Supreme Court in *Forsham v. Harris*, 445 U.S. 169, 179 (1980), for possibly

subjecting the MTA defendants to the federal Freedom of Information Act (FOIA), 5 U.S.C.

§ 552 – plaintiffs have no claim against the MTA defendants under FOIA.  MTA Sept. Memo at

2-5.  Given the absence of a colorable federal claim against MTA and MTACC, the Court also

lacks supplemental jurisdiction to hear plaintiffs' claim under the New York's Freedom of

Information Law (FOIL) (NY Public Officers L. § 87 *et seq.*), and in the alternative, because the

plaintiffs have failed to exhaust their administrative remedies under state law, the FOIL claim

must be dismissed.  MTA Sept. Memo at 5-9.

As discussed below, in response plaintiffs do not assert – nor could they – that the FTA

exercises day-to-day supervision over the MTA defendants, but rather they argue that because

the MTA defendants prepared a draft environmental review that the FTA then independently

reviewed and accepted, the MTA defendants should be subject to FOIA notwithstanding the

clear language of FOIA limiting its application to federal agencies and the holding of the

Supreme Court in *Forsham*.  They support this argument by citations to regulations of the

Council on Environmental Quality, but those regulations only are applicable to federal agencies

and are not binding on non-federal entities.  Their arguments regarding supplemental jurisdiction

also lack merit, as does their argument that they do not have to exhaust their administrative

remedies before filing suit under FOIL.  Accordingly, the MTA defendants' motion to dismiss

should be granted.[1]

## ARGUMENT

### POINT I

### MTA'S PREPARATION OF DRAFT ENVIRONMENTAL REVIEW DOCUMENTS THAT ARE REVIEWED INDEPENDENTLY BY THE FTA DOES NOT TRANSFORM THE MTA INTO A FEDERAL AGENCY SUBJECT TO FOIA

By its terms, FOIA only applies to federal agencies, not to state authorities, 5 U.S.C. §§

551(1), 552(f)(1); MTA Sept. memo at 2-3, and plaintiffs cite no case where any court has con-

cluded that a state authority is subject to FOIA.  In *Forsham v. Harris*, 445 U.S. 169, 179 (1980),

the Supreme Court held that grantees are not subject to FOIA disclosure obligations, explaining:

> Grants of federal funds generally do not create a
> partnership or joint venture with the recipient, nor do they serve to
> convert the acts of the recipient from private acts to [federal]
> governmental acts *absent extensive, detailed, and virtually day-to-
> day supervision*."  [emphasis supplied]

*Id.* at 180.

Here, plaintiffs do not contend that the FTA exercises this type of supervision over the

MTA defendants, nor could they; it is the MTA that runs the subways, commuter rails, and

various bridges and tunnels on a daily basis, not the FTA.  Rather, plaintiffs cite to Council on

Environmental Quality (CEQ) regulations promulgated pursuant to its authority under the

---

[1] Plaintiffs make a number of statements in their "Statement of Facts" that are misleading or mischaracterize the planned entrance at 86th Street and the production of records that occurred after filing of this action.  Since they are not relevant to the merits of the motion to dismiss, the MTA defendants do not respond to them here.

National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-4347, that require "[a]gencies to cooperate with State and local agencies" when preparing environmental review documents, and a provision stating that agencies should disclose relevant documents to the public in accordance with FOIA.  Plaintiffs' Memorandum of Law in Opposition, dated Oct. 4, 2011 (Pl. Memo) at 9-11, citing 40 C.F.R. §§ 1506.2, 1506.6(f).  Plaintiffs also suggest, in a footnote, that state agencies are bound by this latter directive.  Pl. Memo at 10.

Contrary to plaintiffs' argument, "cooperation" in the preparation of environmental review documents does not transform a state authority into a federal record holder for purposes of FOIA. "Cooperation" is far below the level of federal involvement, which must meet the "extensive, detailed and virtually day-to-day supervision" test of *Forsham*, *supra*, in order to subject a state authority to FOIA.  If "cooperation" met the *Forsham* test, then there would be no need for the statutory directive that, as even plaintiffs recognize, Pl. Memo at 9, before a federal agency can adopt or issue an environmental document prepared by a state entity under 42 U.S.C. § 4332(2)(D), the federal agency must "independently evaluate[ ] such statement prior to its approval and adoption" as well as "furnish[ ] guidance" regarding its preparation. Plaintiffs have not alleged much less demonstrated that the cooperation between the FTA and MTA defendants has been anything different than that ordinarily existing between a state agency grantee and the FTA, *i.e.*, that the MTA itself prepared documents and gave information to the FTA which the FTA reviewed independently and adopted.  To decide otherwise would subject numerous state entities, non-profit organizations, and individuals that regularly "cooperate" with the federal government to FOIA, something never contemplated by Congress.

At most, what the CEQ regulations provide is that the environmental review conducted by a state co-lead must meet federal standards, a determination that is made when the FTA

- 3 -

independently reviews the documents provided, and that state and federal agencies should work together to avoid delay and duplication of effort. The state co-lead has not been turned into a federal agency through cooperation, just as any grantee does not become a federal agency because it is subject to myriad federal regulations, audits and oversight when granted funds. This relationship is insufficient to subject the MTA defendants to FOIA. *Forsham v. Harris*, *supra; see also United States v. Orleans*, 425 U.S. 807, 815 (1976) (when determining whether an entity should be treated as a federal agency for some purposes, "the question here is not whether the [entity] receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government.").[2]

Nor does language used in CEQ regulations independently impose any obligation on a state authority to disclose documents under FOIA. CEQ regulations are not binding on state authorities. The CEQ regulations expressly provide that "Parts 1500 through 1508 of this title provide regulations applicable to and binding on all Federal agencies for implementing the procedural provisions of [NEPA]," and state agencies are not included in this applicability mandate. 40 C.F.R. § 1500.3. The CEQ regulations should not be read to have usurped Congress's exclusive authority to amend FOIA and expand its applicability, through regulatory action or otherwise. That the FTA can request documentation from the MTA certainly is true, and once in possession of the FTA those documents may become "agency records" subject to possible disclosure pursuant to FOIA. But MTA documents not in possession of the FTA are not

---

[2] Furthermore, plaintiffs' 35-page request sought 54 different categories of documents, many of which concern plans and drawings for the 86th Street and 72nd Street stations, not documents prepared in the course of the environmental review and, in fact, prepared after the review was completed. Thus, if plaintiffs' argument that MTA documents created in the course of cooperation with FTA can be sought from the MTA via FOIA is accepted, it would be necessary for entities "cooperating" with the FTA to divide up their files and disclosure of documents based on why and when records were created, an administrative and judicial nightmare that surely would lead to even more complicated litigation.

subject to FOIA, simply because "FOIA applies to records which have been *in fact* obtained, and

not to records which merely *could have been* obtained." *Forsham*, *supra*, 445 U.S. at 186

(emphasis in original).  Thus, to the extent that any section of the regulations might be read as

imposing a duty on state agencies to respond under FOIA, that reading is invalid.

Plaintiffs completely misread *Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473

(2d Cir. 1999), when asserting that the Second Circuit reserved the issue of whether participation

in a joint investigation might subject state agencies' documents to disclosure to FOIA, Pl. Memo

at 12-13.  In that case, the Circuit addressed whether a document already *in the possession* of the

federal Department of Housing and Urban Development (HUD) qualified for an exemption from

disclosure under FOIA because it came from a member of the New York City Council.  Indeed,

the Second Circuit was unequivocal in stating "it is beyond question that FOIA applies only to

federal and not to state agencies." *Id.*, 166 F.3d at 484.  The Circuit found that because the

document was not from a federal agency as defined in FOIA, the document therefore did not

qualify for FOIA's inter-agency deliberative process exemption.  *Id.* at 484.  It reserved only the

question of whether documents possessed by a federal agency that were generated by non-federal

governmental officials participating in joint federal criminal or civil investigations and the like

might qualify for the deliberative process exemption.[3]  *Id.*  Nothing in the decision even suggests

that documents possessed *only* by state agencies could ever be subject to FOIA, especially since

the Circuit reiterated that state agencies are not subject to FOIA in reaching its decision.

Finally, notwithstanding FOIA's inapplicability to the MTA defendants, plaintiffs are

free to make appropriate requests under FOIA to the FTA for documents relating to the FTA

---

[3] The preparation of environmental review documents is nothing like a joint federal criminal or civil
investigation, where state officials are deputized by federal authorities, and are intended to ferret out
crime or misconduct and prosecute if appropriate in a process where the need for secrecy is much greater.

decision that is the subject of the related NEPA suit pending before this Court.  Similarly, FOIL

requests can be made to the MTA defendants under state law for disclosable documents, and if

dissatisfied with the result, they may appeal a denial administratively and, if still unsatisfied,

bring a NY CPLR Article 78 action in state court.  What plaintiffs cannot do is bring suit in

federal court under FOIA to obtain documents from non-federal governmental bodies because

federal law gives them no such right.

**POINT II**

**THIS COURT SHOULD NOT AND MAY NOT EXERCISE**
**SUPPLEMENTAL JURISDICTION OVER THE FOIL CLAIM**

Only by ignoring the facts can plaintiffs argue that the FOIA claim and the FOIL claim

arise out of a common nucleus of operable fact, *i.e*., that they are part of the same case and

controversy.  While the request for documents made to the FTA and the MTA defendants is

identical, that does not mean that the "operative facts" are the same.  The FOIA claim addresses

documents in the FTA's possession, while the FOIL claim addresses records of the MTA

defendants.  Both claims can be determined completely independently of the other, and because

different laws govern each, the determinations will not necessarily be the same.  Indeed, while

some documents are possessed by both agencies, apparently plaintiffs are primarily seeking

those documents that they believe are solely possessed by the MTA defendants, and, to a lesser

extent, those that only the FTA possesses, in which case there is not even any arguable

commonality between these documents.[4]  These claims are not such that one "would ordinarily

be expected to try them all in one judicial proceeding."  *Lyndonville Sav. Bank & Trust Co. v.*

---

[4] In fact, it appears that all the documents held by both already have been disclosed by the FTA and their
withholding will not be at issue.  *See*, declaration of Gordon J. Johnson, executed October 11, 2011,
attaching letter from FTA responding to FOIA request, dated December 6, 2011.

*Lussier*, 211 F.3d 697, 704 (2d Cir. 2000), citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Plaintiffs' assertion that FOIL claims do not "predominate" over FOIA claims and that there are no novel issues or law also is mistaken. While the issue has not yet been pressed by the FTA, it is clear even now that there are *no* issues of federal law remaining in the action because the FTA has provided its documents to plaintiffs without claiming any exemptions from disclosure under FOIA, so that plaintiffs' sole claim asserting FTA's failure to respond to the FOIA request is now moot. *See*, declaration of Gordon J. Johnson, executed October 11, 2011, attaching letter from FTA responding to FOIA request, dated December 6, 2011.

And there are likely to be significant issues of novel state law, at least two of which the MTA defendants can identify now. As the MTA defendants have explained to plaintiffs, many of the documents they have requested are not in the possession of the MTA defendants but were created and are maintained by consultants which assisted the MTA in preparation of the environmental reviews. While such documents do not have to be produced under FOIA, they may be disclosable under FOIL. *Compare Forsham*, *supra*, 445 U.S. at 186, with *Encore College Bookstores v. Auxiliary Serv. Corp.*, 87 N.Y.2d 410, 418 (1995) (unlike federal FOIA, documents not in possession of state agency disclosable under some circumstances). However, unlike the circumstances in *Encore College Bookstores*, the contractual relationship between the consultants and MTACC under which the environmental review was performed has been terminated. Production would require the MTACC to negotiate a new contract with the consultants and incur very significant costs, a circumstance, not present in *Encore College Bookstores* or in other cases litigated in the state courts, that the MTA defendants would argue negates any obligation to produce such records. A second novel issue is even if the records were

- 7 -

subject to FOIL, MTACC believes that the requester would be required to pay those production costs under NY Public Officers Law § 87(1)(c)(iii), a position plaintiffs are likely to reject.

Finally, plaintiffs complain that if this Court declines to hear their FOIL claims, they would have to litigate them in state court.[5]  This not only is accurate, but also is neither unusual nor excessively burdensome.  Plaintiffs' right to the MTA defendants' records sought by plaintiffs' FOIL request is governed solely by FOIL, not whether they also have an action pending challenging a NEPA decision.  Plaintiffs' NEPA challenge, if not dismissed as untimely, will be addressed on the administrative record compiled by the FTA.  *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985).  The existence of another lawsuit has no bearing on disclosure of records in a Freedom of Information suit.  *United States Dept. of Defense v. Federal Labor Relations Auth.*, 510 U.S. 487, 499 (1994); *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978) ("FOIA was not intended to function as a private discovery tool."); *Matter of John P. v Whalen*, 54 N.Y.2d 89, 96 (1981).  In sum, convenience of the plaintiffs cannot create a basis for the exercise of supplemental jurisdiction.

## POINT III

### PLAINTIFFS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES REQUIRES DISMISSAL OF THEIR FOIL CLAIM

As demonstrated in MTA Sept. Memo at 8-9, both state and federal courts in New York have held that plaintiffs' failure to appeal their claimed denial of their FOIL request administratively under New York law requires dismissal of any judicial challenge to that denial. *See, e.g., Simpson v. Town of Southampton*, 2007 U.S. Dist. LEXIS 43649, 24-25 (E.D.N.Y. 2007) (administrative appeal of "improperly denied or . . . unanswered" FOIL request required);

---

[5] As discussed below, plaintiffs first would have to seek an administrative appeal, which could well eliminate any need for judicial review.

*Murphy v. New York State Education Dept., Office of Professional Discipline*, 148 A.D.2d 160, 164-165 (1st Dept. 1989) [other citations omitted]; *Jamison v. Tesler*, 300 A.D.2d 194 (1st Dept. 2002); *Sanders v. Bratton*, 258 A.D.2d 422, 423 (1st Dept. 1999); *Dickman v. Trietley*, 268 A.D.2d 914, 915 (3d Dept. 2000); *Reubens v. Murray*, 194 A.D.2d 492 (1st Dept. 1993).

      Claiming that the failure to give an exact date by which documents would be available in their responses to the FOIL request constitutes a denial,[6] plaintiffs erroneously assert that exhaustion of administrative remedies, a fundamental doctrine of administrative law, can be ignored, relying on a line of cases based on the holding of *Barrett v. Morgenthau*, 74 N.Y.2d 907, 909 (1989).  There, the Court held that "[i]nasmuch as the District Attorney failed to advise petitioner of the availability of an administrative appeal in the office (see, 21 NYCRR 1401.7 [b]) *and failed to demonstrate in this proceeding that procedures for such an appeal had, in fact, even been establishe*d (see, Public Officers Law § 87 [1] [b]), he cannot be heard to complain that petitioner failed to exhaust his administrative remedies [emphasis added]."  Plaintiffs failed to quote and ignored the second element of the holding, *i.e.*, the absence of an appeal process.

      In contrast, the MTA defendants do have a well-established appeal procedure, set forth at 21 NYCRR § 1001.7 ("Any party denied access to a record or records . . .  may, within 30 days, appeal such denial to the chairman of the Metropolitan Transportation Authority, or his or her designee . . . .").  The decisions relied on by plaintiffs were predicated on the failure of the agencies involved to demonstrate the existence of a proper appeals procedure, a factor absent here, and thus are wholly distinguishable from the authority cited by the MTA defendants.  *See*

---

[6]Given the size and breadth of Plaintiffs' 35-page request, the MTA responded in its letter of October 11, 2010, saying that it did not know the date by which it could respond but would advise in approximately 60 days of its progress in gathering the documents. The MTA did in fact have thousands of pages of documents available for inspection by December 11th and made them available to plaintiffs, but plaintiffs had already filed this action. The MTA defendants do not admit that their response was improper, but do not raise in this motion that ground for dismissal.

*Rivette v. District Attorney of Rensselaer*, 272 A.D.2d 648, 649 (3d Dept. 2000) (district attorney "never identifies the internal appeal process in place in his office to handle the denial of FOIL requests"); *Orange County Pub. V. Kiryas Joel Union Free School Dist.*, 282 A.D.2d 604, 606 (2d Dept. 2001) (agency "failed to demonstrate in this proceeding that procedures for such an appeal had, in fact, even been established," and "implicit in agency's argument" was invalid "notion" that same officer could decide both initial request and the appeal); *Cullum v. Goord*, 45 A.D.3d 1212 (3d Dept. 2007) (citing to *Rivette*).

Consequently, because plaintiffs did not utilize the administrative appeal process and they are not entitled to any exception to that rule because the MTA has demonstrated its administrative appeal process is in place, their FOIL claim must be dismissed as premature.

## CONCLUSION

For the above stated reasons, MTA defendants' motion to dismiss the complaint against them should be granted.

DATED:     New York, NY
           October 11, 2011

                                        Respectfully submitted,

                                         s/Gordon J. Johnson
                                        GORDON J. JOHNSON
                                        Deputy General Counsel
                                        Metropolitan Transportation Authority
                                        347 Madison Ave. – 9th Floor
                                        New York, NY  10017
                                        (212) 878-4633
                                        *Attorney for Metropolitan Transportation Authority
                                        and Metropolitan Transportation Authority Capital
                                        Construction Company*