MM

# CECCARELLI WEPRIN PLLC
ATTORNEYS AT LAW
TWO WALL STREET
NEW YORK, NEW YORK 10005-2008
(212) 227-4848
FACSIMILE (212) 227-4636

MEMO ENDORS...

JOSEPH J. CECCARELLI
Direct Line: (212) 227-4809
jceccarelli@cecwep.com

October 21, 2011



**By Hand Delivery**

Hon. Thomas P. Griesa
United States District Court Judge
500 Pearl Street, Suite 1630
New York, New York 10007-1312

Re: Yorkshire Towers Company L.P. and
Yorkshire Towers Tenants Association
v. The Federal Transit Administration et al
Case No. 10-CV-8973 (TPG)

Dear Judge Griesa:

We are attorneys and co-counsel for Plaintiffs regarding the above-referenced Freedom of Information case.

It is requested either that the Court strike from the record and refuse to consider a purported "Reply Memorandum of Law" with affirmation and exhibit, submitted by defendants the Metropolitan Transportation Authority, and the Metropolitan Transportation Authority Capital Construction Company (collectively the "MTA") on October 11, 2011(ECF nos. 38-39), or permit Plaintiffs to file a sur-reply memorandum of law. This Court has the discretion to permit such a filing, *Alexander v. City of New York*, 2004 WL 1907432 (S.D.N.Y. Aug. 25, 2004, Griesa, J.). A copy of the proposed sur-reply is enclosed.

The Scheduling Stipulation so-ordered by the Court on July 28, 2011 (ECF no. 23, ¶ 3), provides that the MTA Defendants' motion to dismiss this action could be re-filed in the event that settlement discussions were unsuccessful. Pursuant thereto, the MTA Defendants re-filed their motion to dismiss on September 1, 2011, including a full memorandum of law ("MOL"). Plaintiffs, again in conformity with the Scheduling Stipulation, filed answering papers, including an MOL, dated October 4, 2011.

Since the refiling contemplated by the Scheduling Stipulation allowed for the MTA

*Sur-Reply allowed.*
Thomas P. Griesa (USDJ)  10/26/11

Hon. Thomas P. Griesa
October 21, 2011
Page 2

Defendants to update their legal arguments in a new MOL, it did not contemplate a reply MOL as the Court's docket entry under ECF no. 23 confirms. Nonetheless, that is what the MTA Defendants submitted on October 11. Since it was not contemplated in the Scheduling Stipulation, the reply MOL, affirmation and exhibit (collectively the "MTA Reply Papers") ought to be stricken.

The MTA Reply Papers raise new issues not included in the papers in support of the motion to dismiss. These include arguments that could have been raised by the FTA – but were not -- in opposition to various aspects of Plaintiffs' Freedom of Information complaint, and thus are irrelevant on the motion to dismiss.

More important, the MTA Reply Papers purport to expand on the MTA's misreading of the Supreme Court decision in *Forsham v. Harris*, 445 U.S. 169 (1980), and on the MTA's baseless arguments that this Court ought not exercise its supplemental jurisdiction to consider the MTA's disclosure obligations under state law, which is closely analogous to the FTA (and, we argue, the MTA) disclosure obligations under Federal law.

If the Court decides to permit the MTA Reply Papers to remain in the record, Plaintiffs respectfully request that the enclosed sur-reply MOL be received and considered.

Respectfully submitted,

Joseph J. Ceccarelli

c:    By Email

      To All Attorneys of Record